Arrest on Out-of-District Offense

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

13 SEP 13 AM 11:27

### ARREST ON OUT-OF-DISTRICT OFFENSE



Magistrate Case Number: **13MJ3470**

The person charged as **MERLE FERGUSON** now appears before this United States District Court for an initial appearance as a result of the following charges having been filed in the United States District Court for the **Western District of Michigan** with **CIVIL CONTEMPT**, violation of **TITLE 18, U.S.C., § 402.**

The order and the warrant of the arrest of the defendant which was issued by the above United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: September 13, 2013.

KEVIN LANEY, DUSM
U.S. Marshal Service

Reviewed and Approved:
Dated: September 13, 2013

MICHAEL G. WHEAT
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL KORREY,

        Plaintiff,

v.

MERLE FERGUSON, SUSAN DONOHUE,
and WORLDWIDE FOOD SERVICES, INC.,

        Defendants.
                                /

CASE NO. 1:10-CV-755

HON. ROBERT J. JONKER

## ORDER PARTIALLY GRANTING PLAINTIFF'S MOTIONS FOR ADDITIONAL SANCTIONS

This matter is before the Court on Plaintiff's Motion for Additional Sanctions of Defendants (doc. # 226). Plaintiff supplemented the Motion with additional information on December 3, 2012 (doc. # 286). Plaintiff's Motion is just the latest chapter in an almost year-long effort to secure compliance with the Court's Judgment, which entered January 24, 2012 (doc. # 132). Plaintiff has lawfully attempted to collect the Judgment using standard tools, including debtors' examinations and requests for information. The Court has, on multiple occasions, entered orders in aid of lawful collection efforts. Defendants have ignored the Court's orders, and in some cases, flagrantly flouted them, leading to entry of a contempt citation. In the face of Defendants' continued non-compliance, the Court now partially grants Plaintiff's Motion for Additional Sanctions of Defendants (doc. # 226).

**I.    FACTS**

The Court issued judgment in this case on January 24, 2012, directing Defendants to pay Plaintiff $564,191, plus interest. (J., doc. # 132) When Defendants did not pay the Judgment,

Plaintiff moved the Court to assist him in collecting. (Mot. for Prelim. Inj., doc. # 143). On May 29, 2012, the Court partially granted Plaintiff's Motion, ordering Defendants to: (1) submit to debtors' examinations by June 29, 2012; (2) provide Plaintiff with current and accurate financial statements, signed under penalty of perjury, by June 12, 2012; and (3) "file a brief with the Court explaining whether a receiver should be appointed in this case, particularly given the new action filed by the Judgment Debtors in the United States District Court for the Southern District of California (No. 3:12-cv-1037), seeking to rescind the settlement agreement that led to entry of Judgment in this action." (Order, doc. # 160, at 2-4.)

Defendants did not comply with the Court's May 29 Order and Plaintiff subsequently filed a Motion for Sanctions. The Court partially granted Plaintiff's Motion on August 30, 2012 (Sanctions Order Enforcing Prior Court Orders, doc. # 208). In its August 30 Order, the Court found that Defendants were guilty of civil contempt for deliberately disregarding a number of its earlier directives. (*Id.* at 3-4.) It imposed fines on Defendants for any future non-compliance and warned Defendants, in no uncertain terms, that "continued failure to comply [with the Court's earlier Orders] will result in the Court imposing additional sanctions, <u>which may include a warrant being issued for the arrest of Defendants Ferguson and Donohue and a period of incarceration until Defendants have complied with the Court's Orders.</u>" (*Id.* at 4 (emphasis in original).)

Despite the Court's warnings, Defendants have not complied with the Court's August 30 Order, prompting Plaintiff to file the Motion now before the Court. (Mot. for Additional Sanctions, docket # 226.) In fact, Defendants have taken further actions that appear calculated to move their property outside the jurisdiction of the United States, causing the Court to issue

2

emergency relief. (*See* Order Granting Expedited Consideration and Emergency Relief, doc. # 284.)

## II. LEGAL STANDARDS

A litigant may be held in civil contempt "if his adversary shows by clear and convincing evidence that he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987). Once it is clearly established that a litigant knowingly violated a court order, the litigant is guilty of civil contempt unless he shows that he was unable comply with the order. *United States v. Rylander*, 460 U.S. 752, 757 (1983). Although a court must give notice and an opportunity to be heard before imposing civil contempt sanctions, it may impose such sanctions without a jury trial or proof beyond a reasonable doubt. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

Where it finds that a litigant is guilty of civil contempt, a district court has "inherent authority to fashion the remedy for [the] contumacious conduct." *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 557 (6th Cir. 2006). The district court's authority to fashion remedies for civil contempt includes the authority to fine or incarcerate the offending litigant in order to coerce compliance with the court's directives. *See United States v. United Mine Workers*, 330 U.S. 258, 304-05 (1947). As a court sitting in equity, moreover, the district court may impose such equitable remedies as are reasonable under the circumstances. *Liberte Capital Group, LLC*, 462 F.3d at 557; *see generally Chambers v. NASCO*, 501 U.S. 32, 45 (1991) (recognizing courts' broad powers to fashion remedies for contumacious conduct).

## III. ANALYSIS

Defendants have failed to comply with several of the Court's previous directives. (*See* Sanctions Order Enforcing Prior Court Orders, doc. # 208, at 2-3.) In particular, they have not

3

submitted to debtors' examinations, nor have they provided Plaintiffs with the type of financial records required under the Court's May 29 and August 30 Orders. (*Id.*) Moreover, Defendants had notice of the Court's earlier Orders and simply elected to disregard them. (*Id.* at 3; Br. in Supp. of Mot. for Additional Sanctions, doc. # 227, at 3-4.) Plaintiff has served copies of the Court's orders on Defendants, Defendant Worldwide's attorney has received copies of each order, and evidence suggests that Defendant Donohue is personally aware of the filings in this matter. (*See id.* at 3-4.) Finally, this is not a case where Defendants had insufficient time or opportunity to respond to the Court's Orders and Plaintiff's Motions. It has been almost half a year since the Court issued its May 29 Order (doc. # 160), more than two months since the Court issued its August 30 Order (doc. # 208), and more than six weeks since Plaintiff filed his Motion for Contempt (doc. # 226). Despite ample time and opportunity to do so, Defendants neither complied with, nor responded to, the Court's directives. On those facts, Defendants unquestionably are in contempt of court, as the Court held nearly four months ago. (*See* Sanctions Order, doc. # 208.) Defendants have done nothing to purge their contempt, nor have they made any effort to respond to the Court's contempt citation. Instead, they have given public notice of their intention to move their business to Mexico, which the Court has addressed by separate order. (*See* Order Granting Expedited Consideration and Emergency Relief, doc. # 284.)

    Unfortunately, the Court has no choice but to escalate sanctions in response to Defendants' continuing pattern of contumacious conduct. After considering the record and the ineffectiveness of previously attempted remedies, the Court agrees with Plaintiff that the best way to secure compliance with its previous Orders is to issue arrest warrants for Defendants Merle Ferguson and Susan Donohue. Defendants Ferguson and Donohue have been involved in this litigation from the outset. In their capacities as defendants, they have had notice of each of

this Court's Orders, yet have done almost nothing to comply with those Orders. In their capacities as representatives of Defendant Worldwide, they have taken actions--before and after judgment--that appear calculated to evade the Court's jurisdiction. (*See* Order, doc. # 40 (detailing efforts to evade process and attempts to obscure the true facts of service). Insofar as additional court orders and fines have not coerced compliance, incarceration is the next logical step.

In his Motion, Plaintiff also asks the Court to issue arrest warrants for James McShane, Tony Najjar, and Dean Martin--all officers of Defendant Worldwide. (Mot. for Additional Sanctions, doc. # 226, at 2.) The Court does not believe the issuance of arrest warrants for McShane, Najjar, and Martin is appropriate at this time. Unlike Defendants Ferguson and Donohue--who are directly involved in this litigation in their personal capacities--McShane, Najjar, and Martin are not parties to this case. The extent to which they are or have been aware of, or complicit in, Defendant Worldwide's contumacious conduct is unclear. Given the uncertainty surrounding their involvement in Worldwide's contumacious conduct, there is not a sufficient basis to order them arrested for civil contempt.

Something must be done, however, to prevent Defendant Worldwide from continuing to flout its obligations to Plaintiff. In its August 30 Order, the Court asked Plaintiff to provide additional information about the benefits of appointing a receiver in this matter. (*See* Order, doc. # 208, at 4-5.) Plaintiff has supplied the requested information (Pl.'s Br. in Supp. of Appointment of Receiver, doc. # 279) and the Court is convinced that appointment of a receiver is proper under Fed. R. Civ. P. 66. Accordingly, the Court will appoint a receiver in this matter, subject to its approval of a draft order submitted by Plaintiff.

**ACCORDINGLY, IT IS ORDERED THAT** arrest warrants shall issue for Defendant Merle Ferguson and Defendant Susan Donohue.

**IT IS FURTHER ORDERED THAT**, upon arrest, Defendants Ferguson and Donohue shall be incarcerated until such time as they fully comply with the Court's May 29 and August 30 Orders (doc. ## 160, 208).


Dated:   December 28, 2012        /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL KORREY

      Plaintiff,

v.

      CASE NO. 1:10-cv-755

      HON. ROBERT J. JONKER

MERLE FERGUSON, et al.,

      Defendants.

_____/

## ORDER

On January 24, 2012, this Court entered a money judgment ("Judgment") in favor of Plaintiff and against Defendants (docket # 132). This matter is now before the Court on Plaintiff's Motion seeking help to enforce the Judgment (docket # 143). The Court heard oral argument on the Motion on Friday, May 25, 2012. Based on its review of the record, and for the reasons stated in detail during the hearing, the Court believes the analytical framework and legal basis for the Motion is FED. R. CIV. P. 69(a)(1) and MICH. COMP. L. § 600.6104, which grants the Court the authority to impose conditions against a judgment-debtor that helps foster compliance and payment on the money judgment. *See also Miko Enters., Inc. v. Allegan Nursing Home, LLC*, No. 1:09-cv-988, 2010 WL 148659, at *4 (W.D. Mich. Jan. 12, 2010) (Quist, J.). In accordance with this statutory authority, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff's Motion, concluding that the following conditions against Defendants are appropriate at this time:

(1)     No later than June 12, 2012, Defendant Worldwide Food Service, Inc. ("Worldwide") shall file an amended Disclosure Statement with Pink Sheets, LLC, that accurately reports the existence of a money judgment against Worldwide in the face amount of

$564,191.00, and provide a copy of the amended Disclosure Statement to its shareholders and disseminate it through the same channels of communication as it was originally published;

(2) Worldwide is prohibited from making any payment or providing any form of compensation, including but not limited to distributions, salaries, commissions, and dividends, to any shareholder of the company unless the payment is accompanied by a payment to Plaintiff of equal or greater value in partial satisfaction of the Judgment;

(3) Worldwide is prohibited from transferring any assets, incurring any liability or engaging or agreeing to engage in any transaction, other than in the ordinary course of business; this prohibition includes, without limitation, a bar on any sale of substantially all of the company's assets, and any reorganization in any form that changes or potentially changes the shareholder or management-level control of the company;

(4) Worldwide shall not take any action that constitutes waste of company assets, which includes a prohibition against directly or indirectly transferring, encumbering, removing, expending, distributing, concealing, destroying, mutiliating, damaging, erasing, altering, disposing of or otherwise diminishing or causing harm to any assets of the company;

(5) No later than June 12, 2012, Worldwide shall provide Plaintiff with a complete financial statement, including balance sheet, income statement, statement of changes in financial position, and cash flow statement, that is signed by a corporate officer under penalty of perjury and reflects Worldwide's current financial condition; Worldwide shall supplement this financial statement with an updated monthly

financial statement, including balance sheet, income statement, statement of changes in financial position, and cash flow statement, every thirty (30) days until the judgment is satisfied;

(6) No later than June 12, 2012, Defendants Merle Ferguson and Susan Donohue shall each provide Plaintiff with a personal financial statement signed under penalty of perjury that fully discloses the assets, liabilities, net worth and financial position of each respective individual Defendant;

(7) Each Defendant shall submit to a debtor's exam conducted by Plaintiff no later than thirty (30) days from the date of this Order;

In addition, as the Court stated at the hearing, the parties shall have until June 12, 2012, to file a brief with the Court explaining whether a receiver should be appointed in this case, particularly given the new action filed by the Judgment Debtors in the United States District Court for the Southern District of California (No. 3:12-cv-1037), seeking to rescind the settlement agreement that led to entry of Judgment in this action. As noted by the Court on the record, the newly filed action, coupled with other actions and inactions of the Judgment Debtors, suggest the Judgment Debtors have no intention of satisfying the Judgment of the Court. The Court notes that nothing in the publically filed California Complaint discloses to the Court in California that final Judgment has entered in this action, and that the appeal period has expired. The parties may have seven (7) days to file a response to any brief filed.

**IT IS SO ORDERED.**

Dated:  May 29, 2012  　　　　　/s/ Robert J. Jonker
　　　　　　　　　　　　　　　ROBERT J. JONKER
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL KORREY,

      Plaintiff,

v.

MERLE FERGUSON, et al.,

      Defendants.

_____/

CASE NO. 1:10-cv-755

HON. ROBERT J. JONKER

## **SANCTIONS ORDER ENFORCING PRIOR COURT ORDERS**

On May 29, 2012, the Court entered an Order (docket # 160) granting-in-part and denying-in-part Plaintiff's Motion to enforce its Judgment against Defendants (docket # 143). The Order required Defendants to, among other things, submit to debtor's examinations no later June 29, 2012, and to provide current financial statements to Plaintiff no later than June 12, 2012, that were signed under penalty of perjury and fully disclosed each Defendant's respective financial position. (docket # 160.) The Court also required the parties to "file a brief with the Court explaining whether a receiver should be appointed in this case, particularly given the new action filed by the Judgment Debtors in the United States District Court for the Southern District of California (No. 3:12-cv-1037), seeking to rescind the settlement agreement that led to entry of Judgment in this action." (*Id.*) On June 25, 2012, Plaintiff's filed a Motion for Sanctions and to Hold Defendants in Contempt of Court, alleging continued failure to comply with the debtor examination subpoenas, as well as the Court's requirement that Defendants provide up-to-date financial statements to Plaintiff. (docket # 184.) This Motion was filed on the heels of another sanction motion Plaintiff filed on May 24, 2012, based on similar non-compliance with the Court's Orders. (docket # 157.) On July 12, 2012,

Plaintiff's filed a Preliminary Injunction Motion, again noting Defendants' continued non-compliance and further requesting the Court to freeze $2.5 million in assets that a Worldwide shareholder (not a party to this case) allegedly placed in an attorney trust account as collateral to cover the judgment. (docket # 198.) Defendants were given the opportunity to respond to these Motions, but failed to do so, other than to indicate that they did not oppose the appointment of a receiver. (docket # 169.) After reviewing all relevant matters of record, the Court **GRANTS** Plaintiff's Motions for Sanctions (docket ## 157, 184) as set forth below, **DENIES** these Motions in all other respects, and also **DENIES** Plaintiff's Preliminary Injunction Motion.

After reviewing the record, it is clear that Defendants have failed to comply with, and in some cases affirmatively refused to follow, the Court's previous Orders in several respects. First, Defendants failed to provide updated copies of complete financial statements signed under penalty of perjury. Instead, Defendant Worldwide Food Services, Inc. ("Worldwide") provided an incomplete, outdated excel spreadsheet summarizing some aspects of its financial condition, but it was not current as the Court required. Key documents referred to in the spreadsheet were also notably absent, as was a corporate officer's signature under penalty of perjury. Moreover, Worldwide has also failed to supplement these statements on a monthly basis as the Court required. As for the individual Defendants, neither of them even attempted to provide a financial statement that would satisfy the Court's requirements. Plaintiff's counsel provided Defendants an opportunity to remedy these deficiencies, but they refused. (docket ## 184-2 through 184-4.) Second, Worldwide provided the incorrect judgment amount in its amended disclosure statement to Pink Sheets, LLC and its investors, misstating the amount by over $20,000. (docket # 185-4, at 22.) Standing alone, the Court might be willing to attribute this to a typographical error, but when viewed

against Defendants' pattern of conduct traceable to the beginning of the case, it further evidences disregard of the Court's Order.

Defendants' flat refusal to submit to debtor's examinations represents a flagrant disregard of the Court's Order, as the Court specifically required Defendants to submit to debtor's examinations on or before June 29, 2012. Plaintiff provided notice of these debtor's examinations for June 25, 2012, but on the day before, defense counsel informed Plaintiff that no one would appear, despite being advised of the Court's Order "that . . . mandate[d] them appearing for the Debtor's Exam . . . and the potential ramifications of their failure to appear." (docket # 184-4, at 2.) Based on the record before it, the Court finds Defendants have no possible explanation for their refusal other than willful disregard amounting to contempt of Court.

The Court's authority to hold a party in civil contempt has two primary purposes: to compel obedience and to compensate injuries. *See Glover v. Johnson*, 199 F.3d 310, 313 (6th Cir. 1999). There is no dispute that Defendants had notice of the Court's Order, and consciously chose to disregard it. *See NLRB v. Cinn. Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (holding litigant may be held in contempt when adverse party shows by clear and convincing evidence that litigant violated "a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order" (quoting *SEC v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)). Defendants were given ample time to respond to Plaintiff's Motions after receiving notice of them, but failed to do so. *Banner v. City of Flint*, 99 Fed. App'x 29 (6th Cir. 2004) (citing *Wilson-Simmons v. Lake County Sheriff's Dep't*, 207 F.3d 818 (6th Cir. 2000) ("A court must give notice and afford an attorney opportunity to be heard before imposing

3

sanctions . . . but not formal notice detailing the penalties or a full evidentiary hearing.") Therefore, sanctions are appropriate.

Regarding appropriate sanctions at this time, the Court concludes that a fine of $1,000 per day, per Defendant, is appropriate, until Defendants comply with all aspects of the Court's previous Order (docket # 160). This includes, without limitation, providing complete financial statements signed under penalty of perjury, and each Defendant submitting to a debtor's examination. Defendants shall also provide an explanation, supported by a sworn affidavit, regarding the $2.5 million allegedly placed in the attorney trust account. Defendants are required to comply within 30 days of this Order, and file a Notice of Compliance with the Court. *See United States v. State of Tenn.*, 925 F. Supp. 1292 (1995) (outlining the standard for judging compliance in this Circuit). If Defendants fail to comply within this period, Plaintiff is invited to file another motion for sanctions based on this noncompliance. Defendants' continued failure to comply will result in the Court imposing additional sanctions, which may include a warrant being issued for the arrest of Defendants Ferguson and Donohue and a period of incarceration until Defendants have complied with the Court's Orders. *See In re Burkman Supply, Inc.*, 217 B.R. 223, 226 (W.D. Mich. 1998) (emphasis added).

As for Plaintiff's request for a court-appointed receiver, the Court requires additional information from Plaintiff before proceeding with this course of action under FED. R. CIV. P. 66. At the outset, the Court notes Defendants no longer oppose a receiver being appointed for Worldwide (docket # 169). The Court also notes that the facts now of record would appear to support appointment of receiver. However, before the Court can decide on the propriety of this remedy, Plaintiff must identify an individual that is willing to serve as a receiver in this case and provide the

4

Court with the curriculum vitae for any such individual. Plaintiff must also explain how the individual will be compensated for his or her services. The cost of a court-appointed receiver is no doubt ultimately recoverable against Defendants, but as a practical matter, someone has to arrange payment for a receiver along the way to induce someone to accept the job. Additionally, Plaintiff must provide the Court with a written summary explaining how it believes a receivership would assist in this case. On the current record, the Court is unclear as to how a receivership would function, given the rather fluid nature of Worldwide's business, and the complete lack of cooperation on the part of Defendants in providing even the most basic financial and business operations information.

**ACCORDINGLY, IT IS ORDERED THAT** Plaintiff's Motions for Sanctions and to Hold Defendants in Contempt of Court (docket # 157, 184) is **GRANTED** to the extent above, and **DENIED** in all other respects. Each Defendant's daily fine of $1,000 for noncompliance is payable to the Clerk of the Court, beginning August 31, 2012, and continuing day-to-day thereafter until the Court certifies a Notice of Compliance. If this coercive sanction fails to secure compliance, the Court will consider a warrant for arrest and imprisonment as an additional coercive sanction to achieve compliance with the Court's Orders.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for a Preliminary Injunction (docket # 198) is **DENIED**. As the Court noted in a previous Order (docket # 160), this matter has proceeded past judgment, and a preliminary injunction is therefore no longer the appropriate vehicle for the relief Plaintiff seeks. Rather, the case has proceeded to collection, with the usual enforcement mechanisms and limitations applicable at this stage. The Court's denial is without prejudice to

Plaintiff requesting assets being frozen and additional enforcement measures taken after the 30-day compliance period has expired.

**IT IS SO ORDERED.**

Dated:   August 30, 2012         /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE